IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| NORMAN WELLS,<br>      Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | Civil Action No. 3:24CV61 (RCY) |
| | ) | |
| TRANS UNION, LLC, *et al.*,<br>      Defendants. | )<br>)<br>) | |

**MEMORANDUM OPINION**

The case is before the Court on Plaintiff Norman Wells's Objection to and Motion to Exclude the Testimony of Dan Smith ("Motion to Exclude"), ECF No. 43. The Motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny the Motion to Exclude.

**I. BACKGROUND**

This action was filed pursuant to the Fair Credit Reporting Act (FCRA). Compl., ECF No. 1. In his Complaint, Plaintiff Norman Wells alleges, *inter alia*, that the defendant credit reporting agencies—Trans Union, LLC ("Trans Union"), Equifax Information Services ("Equifax"), and Experian Information Solutions ("Experian")—violated the FCRA by "report[ing] inaccurate account information about Plaintiff regarding a fraudulent Capital One account." *Id.* ¶¶ 1–6.

Before it even filed an Answer, Defendant Experian filed a Motion to Compel Arbitration, asserting that it had an agreement with Plaintiff to arbitrate claims like the one at bar. Mot. to Compel Arbitration ("Mot. Compel"), ECF No. 37. Experian's Motion to Compel largely relies upon the Declaration of Dan Smith, Mem. Supp. Mot. Compel Ex. A ("Smith Declaration"), ECF No. 38-1, which Plaintiff now seeks to exclude.

The Smith Declaration was prepared by Dan Smith, the Director of Product Operations for ConsumerInfo.com, Inc. ("CIC"), which does business as Experian Consumer Services. Smith Decl. ¶ 1.[1] CIC, on behalf of Defendant Experian, offers consumers a credit monitoring service known as "CreditWorks." *Id.* Mr. Smith, as the Director of Product Operations, oversees the CreditWorks consumer enrollment process. *Id.* Specifically, Mr. Smith's position requires him to be familiar with "how consumers enroll, the forms they must complete to enroll, . . . the Terms of Use governing such services," as well as:

> Experian's databases that store consumer enrollment information, such as the webpages a consumer would have encountered to complete their enrollment into CreditWorks, the personally identifiable information entered when enrolling, which links or buttons the consumer clicked on, and date and time of the consumer's acceptance of the Terms of Use.

*Id.* Using those databases, Mr. Smith is able to confirm any CreditWorks member's membership details, including "the exact path the consumer encountered when completing their enrollment into CreditWorks." *Id.*

At the outset, Mr. Smith confirms that the facts stated in the Declaration are based on his own personal knowledge:

> The facts stated in this Declaration are of my own personal knowledge, including knowledge acquired in the course and scope of my job responsibilities and through the review of pertinent documents maintained as business records by CIC in the course and scope of CIC's business, including Experian's internal records that store CreditWorks account information. If called upon to do so, I could and would competently testify to the facts stated below.

*Id.*

Based on that knowledge, Mr. Smith describes Plaintiff's membership with CreditWorks, as follows. Plaintiff enrolled in CreditWorks on August 6, 2017. *Id.* At that time, in order to enroll, prospective members were required to complete two webforms: the first required the

---

[1] The Court applies the pagination assigned by CM/ECF.

prospective member to enter their personal information such as their name and phone number, and the second required the prospective member's social security number, date of birth, and a selected username and password. *Id.* at 3–4. Mr. Smith attaches both webforms to his declaration. Smith Decl. Exs. 1, 2, ECF No. 38-1 at 8–10. To submit the second form, prospective members were required to click a "Submit Secure Order" button. Smith Decl. ¶ 4. Immediately above that button was the following notice: "By clicking 'Submit Secure Order': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy and Ad Targeting Policy." Smith Decl. Ex. 2. Within the notice, the phrase "Terms of Use Agreement" was set out in blue letters, visually indicating that the phrase hyperlinked to the Terms of Use themselves. *Id.* In other words, "[w]hen a consumer clicked on the 'Terms of Use Agreement' [phrase], an additional window would open within the consumer's web browser containing the entire text of the Terms of Use Agreement." Smith Decl. ¶ 4. In order to successfully enroll in CreditWorks on August 6, 2017, Plaintiff would have had to select the "Submit Secure Order" button. *Id.* ¶ 5. Plaintiff used the CreditWorks service until he cancelled his membership on October 18, 2023. *Id.* Mr. Smith attached the Terms of Use Agreement in effect at the time of Plaintiff's enrollment as an exhibit to his declaration. Smith Decl. Ex. 3, ECF No. 38-1 at 12–42. Critically to Experian, those Terms of Use included an arbitration provision. Smith Decl. ¶ 6.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff Norman Wells filed this action on January 29, 2024. *See generally* Compl., ECF No. 1. On May 22, 2024, Experian filed its Motion to Compel, along with a Memorandum in Support relying upon the Smith Declaration. Mot. Compel, ECF No. 37; Mem. Supp. Mot. Compel, ECF No. 38; Smith Decl., ECF No. 38-1.

On June 20, 2024, Plaintiff filed its Motion to Exclude the Smith Declaration, along with a Memorandum in Support. Mot. Exclude, ECF No. 43; Mem. Supp. Mot. Exclude, ECF No. 44.

On July 12, Defendant Experian filed its Opposition. Opp'n Pl.'s Mot. Strike ("Opp'n Mot. Exclude"), ECF No. 53. On July 25, 2024, Plaintiff filed his Reply. Pl.'s Reply Mem. Supp. Mot. Exclude ("Reply Supp. Mot. Exclude"), ECF No. 59.

### III. LEGAL STANDARD

The appropriate evidentiary standard for considering the admissibility of a declaration filed in support of a Motion to Compel Arbitration is Federal Rule of Civil Procedure 56(c)(4). *Melo v. Zumper, Inc.*, 439 F. Supp. 3d 683, 692 n.4 (E.D. Va. 2020) (citing *Del Zotto v. Universal Physician Servs., LLC*, 214 F. Supp. 3d 499, 503–04 (D.S.C. 2016); *Gibbs v. Stinson*, 421 F. Supp. 3d 267, 301–02 (E.D. Va. 2019)). Accordingly, to be admissible, any such declaration or affidavit must (1) be "made on personal knowledge," (2) "set out facts that would be admissible in evidence," and (3) "show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### IV. DISCUSSION

In support of his Motion to Exclude, Plaintiff chiefly argues that the Smith Declaration falls short of the requirements in Rule 56(c)(4). Mem. Supp. Mot. Exclude 14–17. Specifically, as to the first requirement of Rule 56(c)(4), Plaintiff argues that Mr. Smith could not have personal knowledge of Plaintiff's membership with CreditWorks, as Mr. Smith did not personally observe Plaintiff's interaction with the CreditWorks platform. *Id.* at 14. As such, any assertion by Mr. Smith that Plaintiff clicked any particular buttons or encountered any particular terms is merely speculative. *Id.* Next, as to the Rule's second requirement, Plaintiff argues that the Smith Declaration is inadmissible because it largely relies upon hearsay. *Id.* at 17–18. Finally, Plaintiff argues that Mr. Smith has not adequately demonstrated that he is competent to testify about the particular agreement between Plaintiff and CreditWorks. *Id.* at 16.

For its part, Defendant Experian argues that Mr. Smith need not have personally observed Plaintiff's website interactions to have personal knowledge about CIC and CreditWorks's systems and records. Opp'n Mot. Exclude 10–12. Second, it argues that Mr. Smith establishes in the affidavit that he only relied upon business records, which are excluded from the prohibition on hearsay. *Id.* at 13–14. Third, it argues that Mr. Smith established his competence by describing his professional position and how that professional position relates to the relevant material. *Id.* at 2–3. As such, it argues that the Smith Declaration is admissible under Rule 56(c)(4).[2]

**A. The Smith Declaration Satisfies Rule 56(c)(4).**

    1. <u>Mr. Smith Had Personal Knowledge of the Contents of the Smith Declaration.</u>

Federal Rule of Civil Procedure 56(c)(4) first requires that any declarant have personal knowledge about the matters underlying his testimony. However, a declarant may gain personal knowledge by reviewing external files, so long as the "testimony states facts reflected by the files." *Melo*, 439 F. Supp. 3d at 693 (quoting *Sanchez Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 140 (D. Md. 2019)).

At the outset of the Smith Declaration, Mr. Smith states that his personal knowledge is gleaned in part from "knowledge acquired in the course and scope of my job responsibilities," as

---

[2] Experian makes two additional arguments that the Court summarily rejects. First, Experian describes Plaintiff's Motion to Exclude as a Motion to Strike and argues that such motions are procedurally improper. Opp'n Mot. Exclude 2. In support, Defendant cites *Jones v. Toro*, which states: "Courts typically construe Rule 12(f) motion to strike as 'an improper procedural tool for striking another motion' or other filings that do not qualify as pleadings." 2024 WL 1260576, at *5 (E.D. Va. Mar. 25, 2024) (quoting *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 516 (E.D. Va. 2011). *Jones* is inapposite to the present circumstances. Plaintiff's Motion to Exclude does not seek to strike Experian's *motion*; rather, Plaintiff's Motion to Exclude argues that Experian's evidence is inadmissible. Accordingly, the Motion to Exclude is not procedurally improper, even pursuant to the case law cited by Experian. As noted by Plaintiff, other courts in this district have considered motions like the present motion, without procedural issue. Reply Supp. Mot. Exclude 4–5 (citing *Souter v. Equifax Info. Servs., LLC*, 299 F.R.D. 126, 130–33 (E.D. Va. 2014) (considering a motion challenging the admissibility of expert declarations filed in opposition of a motion for class certification); *Brighton Trs., LLC v. Genworth Life & Annuity Ins. Co.*, 2022 WL1772993 (E.D. Va. Feb. 9, 2022)). Thus, Plaintiff's Motion to Exclude is not procedurally improper.

Second, Experian argues that Plaintiff's Motion to Exclude violates Local Rule 7(F)(1), which prohibits sur-replies. Opp'n Mot. Exclude 2. Since Plaintiff's Motion to Exclude seeks clear relief, it is certainly not a sur-reply, and the Court declines to treat it as such.

well as "through the review of pertinent documents maintained as business records by CIC in the course and scope of CIC's business, including Experian's internal records that store CreditWorks account information." Smith Decl. ¶ 1. Elsewhere, Mr. Smith identifies those "pertinent documents" as "CIC's membership enrollment data," "Experian's internal records that store CreditWorks account information," "databases that store consumer enrollment information" and "internal records that document consumers' ongoing use of their CreditWorks account, including when a consumer logs into their account or changes their account information, as well as any time a consumer receives an email or alert through their CreditWorks membership." *Id.* ¶¶ 1, 3.

Per current case law, Mr. Smith's reliance upon external documents does not rid him of personal knowledge of the documents' contents. *Melo*, F. Supp. 3d at 693 (citation omitted). Further, Mr. Smith's testimony appears to "state[] facts reflected by the [identified] files," *id.*, since the documents upon which Mr. Smith relies would undoubtedly contain the information about which he testifies: the manner in which one becomes a member with CIC, and by extension, CreditWorks. *See* Smith Decl. ¶¶ 1, 3. As such, the mere fact that Mr. Smith relied on such documents does not make the Smith Declaration inadmissible.

Plaintiff additionally argues that Mr. Smith can only speculate about Plaintiff's particular engagement with Creditworks's webform, since Mr. Smith was not present in the room when Plaintiff became a member. Mem. Supp. Mot. Exclude 14. However, Mr. Smith does not claim that he was in the room when Plaintiff engaged with the relevant webforms. *See generally* Smith Decl. Rather, Mr. Smith describes the institutional processes required of *all* new CreditWorks members, *id.* ¶¶ 4–5, such that his Declaration would equally apply to any individual who became a CreditWorks member at the time Plaintiff did. "Courts across the country, facing issues of e-commerce contracts, have regularly and properly relied on these types of [declarations] and have consistently allowed testimony by those with personal knowledge about what 'would have

appeared' on a user's screen." *Melo*, 439 F. Supp. 3d at 694 (citing *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 70–72 (2d Cir. 2017) (relying on screenshots and a declaration representing that Uber maintained records from which the company could see what a user had seen and done); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 988–989 (N.D. Cal. 2017) (relying on testimony about what a prospective user would have seen and had to do to create an account); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834–35 (S.D.N.Y 2012) (allowing declarations with testimony and screenshots of what a user did and would have seen)).

Plaintiff does not dispute that he became a CreditWorks member on August 6, 2017. *See* Mem. Supp. Mot. Exclude. 9. Perhaps more critically, Plaintiff does not dispute that he became a CreditWorks member in the manner that Mr. Smith describes. *See id.* at 9–10. Without such a factual dispute, the Smith Declaration survives Plaintiff's challenge: Mr. Smith was familiar with the institutional processes required of all new members on August 6, 2017, therefore, he may testify as to the webforms that Plaintiff must have encountered. Accordingly, the Court finds that the Smith Declaration satisfies the first element of Federal Rule of Civil Procedure 56(c)(4).

2. <u>Mr. Smith Adequately Established That Any External Documents Relied Upon Were Business Records.</u>

Like all evidence, statements in a declaration or affidavit are inadmissible if they constitute hearsay, absent a hearsay exception. Fed. R. Civ. P 56(c)(4); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (citation omitted). Plaintiff argues that the Smith Declaration is inadmissible because it relies on external records, which are hearsay. Even if the Court were to assume that the relevant records are hearsay,[3] the Court finds that they fall within the business records exception.

---

[3] The Smith Declaration implies that much of the relevant records are actually data automatically logged and stored by computer processes. *See* Smith Decl. ¶ 1. (describing databases that store electronic information, including the particular path a website visitor took, as well as any button that user clicked). Taking this to be true, the records are not hearsay, as an out-of-court statement only constitutes hearsay if uttered by a *person*, not an automatic computer

A statement that is otherwise inadmissible hearsay may be admissible when it constitutes a business record, i.e., a record kept "in the course of a regularly conducted activity of a business," made at or near the relevant time, without circumstances indicating a "lack of trustworthiness." Fed. R. Evid. 803(6). "It is well established that employees who are familiar with the record-keeping practices of a business are qualified to speak with personal knowledge that particular documents are admissible business records, and affidavits sworn by such employees constitute appropriate . . . evidence." *Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008).

Other courts in this district have previously held that affidavits relying upon external records are admissible as business records so long as the declarant swears that those documents are kept in the regular course of business, at or near the relevant time—even if the declarant does not explain the exact mechanism by which those records are kept. *Melo*, 43 F. Supp. 3d at 693, 696 (considering and permitting an affidavit relying upon business records based upon the declarant's testimony that the records were "regularly made and maintained in the ordinary course of [the defendant's] business by persons with knowledge at or near the times of the matters recorded therein."). Going even further, other courts in the Fourth Circuit have admitted affidavits based on external records when, from the facts provided in the affidavit, the court can infer that the external records satisfy the business records exception. *Mundo-Violante v. Kerry*, 180 F. Supp. 3d 442, 448 (W.D. Va. 2016) (concluding that external records referenced in an affidavit constituted business records based on the nature of the business and the declarant's familiarity with the business's record-keeping practices).

In this case, Mr. Smith states that, in preparing his declaration, he reviewed "pertinent documents maintained as business records by CIC in the course and scope of CIC's business,

---

process. *E.g.*, *United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007) ("Only a *person* may be a declarant and make a statement. Accordingly, nothing said by a machine is hearsay.") (alterations and citation omitted) (holding that "raw data generated by . . . machines were not hearsay statements").

including Experian's internal records that store CreditWorks account information." Smith Decl. ¶ 1. Specifically, Mr. Smith reviewed "CIC's membership enrollment data created and maintained in the regular course of business." *Id.* ¶ 3. Mr. Smith describes the records as "databases that store consumer enrollment information," and "internal records that document consumers' ongoing use of their CreditWorks account, including when a consumer logs into their account or changes their account information, as well as any time a consumer receives an email or alert through their CreditWorks membership." *Id.* ¶ 1.

Mr. Smith expressly states that the relevant records were kept in the regular course of CIC and Experian's business, satisfying the cornerstone element of the business records exception. *Id.* ¶ 3; Fed. R. Evid. 803(6). Additionally, as noted above, Mr. Smith's statements and the nature of CIC's web-based business imply that the relevant data is generated simultaneously with the events they record. *See supra* n.3. Accordingly, the Smith Declaration adequately establishes that the external records were business records within the meaning of Federal Rule of Evidence 803(6). Because Plaintiff makes no showing that "the method or circumstances of preparation indicate a lack of trustworthiness," the records are excepted from the prohibition on hearsay, and the Smith Declaration satisfies the second requirement of Federal Rule of Civil Procedure 56(c)(4).[4]

---

[4] Plaintiff additionally argues that Mr. Smith should have specifically identified and included all the records upon which he relied, citing Federal Rule of Civil Procedure 56 advisory committee's note to 2010 amendment, which, in reference to Rule 56(c)(1)(A), states: "Materials that are not yet in the record—including materials referred to in an affidavit or declaration—must be placed in the record." Mem. Supp. Mot. Exclude 17–18. This argument takes Rule 56's application to this matter too far. Yes, Rule 56(c)(4) has been adopted by courts to test the admissibility of affidavits attached to motions to compel arbitration. *See Melo*, 439 F. Supp. 3d at 692–93. But this adoption does not import the entirety of Rule 56. Rule 56(c)(1)(A) controls how a party may demonstrate a genuine issue of material fact for the purposes of motions for summary judgment. The existence of such an issue bears no relevance to the matter at bar. As such, the Court declines to apply Rule 56(c)(1)(A)—and the advisory committee notes accompanying it—to the instant analysis.

### 3. Mr. Smith Adequately Established that He is Competent to Testify About the Matters Relevant to the Smith Declaration

Finally, to be admissible, a declaration must be made by an individual who "is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff argues that Mr. Smith's summary job description does not establish his competency to testify. Mem. Supp. Mot. Exclude 16. This argument, however, runs plainly counter to prevailing law.

In *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 135 n.9 (4th Cir. 2002), the Fourth Circuit held that, "ordinarily, officers would have personal knowledge of the acts of their corporations." *Id.* (quoting *Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992)). As such, affidavits by officer-level employees sufficiently establish the employee's competency to testify about matters within the scope of their position when the affidavit "includ[es] a description of the affiant['s] job title[] and duties." *Id.* Finally, *Bryant* underscored that, in the absence of affirmative evidence that employee affiants are not competent to testify about matter that appears within their purview, courts assume that they are so competent. *Id.* (citing *In re Apex Express Corp.*, 190 F.3d 624, 635 (4th Cir. 1999)).

Here, Mr. Smith includes his job title—Director of Product Operations for CIC—and his duties—"supporting the consumer enrollment process into CreditWorks." Smith Decl. ¶ 1. From this information alone, per *Byrant*, one could readily infer that Mr. Smith would be competent to testify about the processes required of new CreditWorks members. However, Mr. Smith goes further, explaining that his position requires that he be familiar with the exact systems and processes about which he later testifies. *Compare id. with id.* ¶¶ 3–8. Based on these descriptions, it appears to the Court that Mr. Smith is well-positioned to testify about the CreditWorks enrollment process that Plaintiff must have encountered. Thus, because Plaintiff has not provided reason to believe that Mr. Smith is *not* competent, *see* Mem. Supp. Mot. Exclude 9–15, per *Bryant*,

10

the Court assumes that he is. *Bryant*, 288 F.3d at 135 n.9. Accordingly, the Smith Declaration satisfies all three requirements set out in Rule 56(c)(4).

**B. The Balance of Plaintiff's Arguments are Unavailing.**

Plaintiff spends significant ink asking the Court to adopt the reasoning of *Lamonaco v. Experian Information Solutions, Inc.*, 2024 WL 1703112 (M.D. Fla. Apr. 19, 2024), and *Austin v. Equifax Information Services, LLC*, 3:22-cv-00707 (E.D. Va. filed Nov. 8, 2022). The *Lamonaco* case, an unpublished out-of-circuit district court opinion, held that a declaration similar to[5] the Smith Declaration was inadmissible because it was not based on personal knowledge. *Lamonaco*, 2024 WL 1703112, at *5. The *Lamanaco* court came to this conclusion, however, by relying upon legal assertions that contradict the relevant law as laid out by this Court. For instance, the *Lamonaco* court rejected the principle that an individual, familiar with the internal records of a web-based business, may rely upon those records to testify as to "what 'would have appeared' on a user's screen," *Melo*, 439 F. Supp. 3d at 694, to establish the existence and terms of an agreement. *Lamonaco*, 2024 WL 1703112, at *5. Thus, the Court finds the reasoning of *Lamonaco* unpersuasive and declines to adopt it here.

*Austin* is likewise nonbinding and is factually distinct from the case at bar. In *Austin*, another court within this district found that a declaration similar to the Smith Declaration was not admissible. Transcript 88, *Austin v. Equifax Info. Servs., LLC*, 3:22-cv-00707 (E.D. Va. filed Nov. 8, 2022), ECF No. 135. However, unlike here, the *Austin* court was presented with affirmative evidence demonstrating that the affiant did not, in fact, have personal knowledge, and may have misrepresented the nature of his professional responsibilities. *Id.* at 75–76. Plaintiff has not

---

[5] Plaintiff asserts that the declarations in both *Lamonaco* and *Austin* were "a copied-and-pasted declaration very similar to that presented here, but from a different CIC . . . employee named David Williams." Mem. Supp. Mot. Exclude 11.

11

presented the Court with any such evidence here.  Accordingly, the Court declines to adopt the reasoning of *Austin* to grant Plaintiff's Motion.  The Smith Declaration is admissible.

## V. CONCLUSION

Because the Smith Declaration satisfies the demands of Federal Rule of Civil Procedure 56(c)(4), Defendant's Motion to Exclude (ECF No. 43) will be denied.

An appropriate Order shall issue.

/s/ <em>RCY</em><br>
Roderick C. Young<br>
United States District Judge

Date: February 12, 2025
Richmond, Virginia